# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:12-CV-1224 CAS |
| RACKLEY BUILDING GROUP, LLC, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to compel post-judgment discovery. Plaintiffs' motion is accompanied by an affidavit of counsel and exhibits. For the following reasons, the Court will grant the motion.

### Background

Plaintiffs Carpenters District Council of Greater St. Louis and Vicinity ("Carpenters District Council" or the "Union") and the Trustees of its various trust funds filed this action to collect delinquent fringe benefit contributions from defendant Rackley Building Group, LLC ("Rackley") pursuant to the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1132 on behalf of fringe benefit funds affiliated with the Union. The Complaint asserts that defendant Rackley was a party to a collective bargaining agreement with the Carpenters District Council, effective from May 7, 2008 through April 30, 2013. The collective bargaining agreement required defendant to make contributions to the Carpenters District Council's employee benefit funds. Plaintiffs assert that defendant failed and refused to pay the required contributions.

Defendant was served with summons and a copy of the complaint on February 15, 2013, but it did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. On September 27, 2013, a Clerk's Entry of Default was issued pursuant to Rule 55(a), Fed. R. Civ. P. On February 25, 2014, the Court entered default judgment in favor of plaintiffs and against Rackley in the total amount of Sixteen Thousand One Hundred and One Dollars and Seventy-Two Cents ($16,101.72). [Doc. 13]

**Motion to Compel**

Plaintiffs' motion to compel and the affidavit of attorney Matthew J. Gierse assert that plaintiffs sent a notice of post-judgment deposition to Rackley by first-class mail on February 26, 2014, pursuant to Federal Rules of Civil Procedure 69 and 37. The notice required the attendance of Cardin Rackley, an officer of defendant, at the offices of plaintiffs' counsel on March 25, 2014 at 11:30 a.m., and the simultaneous production of certain documents relevant to plaintiffs' efforts to collect the judgment in this case. The affidavit states that no representative of Rackley appeared at the deposition or produced any documents, nor did any representative of the defendant contact plaintiffs' counsel with respect to the deposition notice.

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides, "[A] money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69(a)(1), Fed. R. Civ. P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Id. Rule 69(a)(2) provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person–including the judgment debtor–as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Rule 69(a)(2), Fed. R. Civ. P.

Plaintiffs seek to take a post-judgment deposition in aid of execution of their judgment. This procedure is appropriate pursuant to Rules 69(a) and 30 of the Federal Rules of Civil Procedure. It appears to the Court from the affidavit of plaintiffs' counsel that defendant's representative, Cardin Rackley, was properly noticed for deposition but he failed to appear. Plaintiffs' motion to compel discovery should therefore be granted, and Cardin Rackley will be ordered to appear for deposition at the offices of plaintiffs' counsel, and to produce the requested documents at the same time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel discovery is **GRANTED**. [Doc. 15]

**IT IS FURTHER ORDERED** that Cardin Rackley, an officer of defendant Rackley Building Group, LLC, shall appear for a post-judgment deposition and produce the records requested in the Notice of Rule 69 Deposition and Request for Production of Documents, at the offices of plaintiffs' counsel on **Thursday, May 22, 2014, at 11:00 a.m.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant Rackley Building Group, LLC, 11823 Kingsfront Place, Saint Louis, Missouri, 63033, which, according to the Office of the Missouri Secretary of State, is the company's address of record.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __7th__ day of May, 2014.