# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:12-CV-1224 CAS |
| RACKLEY BUILDING GROUP, LLC, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for contempt against defendant Rackley Building Group, LLC. Plaintiffs' motion is accompanied by a memorandum in support and affidavits.

**Background**.

Plaintiffs Carpenters' District Council of Greater St. Louis and Vicinity ("Carpenters' District Council" or the "Union") and the Trustees of its various trust funds filed this action to collect delinquent fringe benefit contributions from defendant Rackley Building Group, LLC ("Rackley") pursuant to the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1132 on behalf of fringe benefit funds affiliated with the Union. The Complaint asserts that defendant Rackley was a party to a collective bargaining agreement with the Carpenters' District Council, effective from May 7, 2008 through April 30, 2013. The collective bargaining agreement required defendant to make contributions to the Carpenters' District Council's employee benefit funds. Plaintiffs assert that defendant failed and refused to pay the required contributions.

Defendant was served with summons and a copy of the complaint on February 15, 2013, but it did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. On September 27, 2013, a Clerk's Entry of Default was issued pursuant to Rule 55(a), Fed. R. Civ. P. On February 25, 2014, the Court entered default judgment in favor of plaintiffs and against Rackley in the total amount of Sixteen Thousand One Hundred and One Dollars and Seventy-Two Cents ($16,101.72). [Doc. 13]

In an attempt to further collection efforts, plaintiffs noticed the post-judgment deposition of defendant Rackley pursuant to Rules 69 and 37 of the Federal Rules of Civil Procedure. The notice required the attendance of Cardin Rackley, an officer of defendant, at the offices of plaintiffs' counsel on March 25, 2014, and the simultaneous production of certain documents relevant to plaintiffs' efforts to collect the judgment in this case. Mr. Rackley and defendant did not appear for the deposition or produce any of the requested documents.

Plaintiffs sought an order of the Court compelling defendant to appear for a post-judgment deposition and to produce the records requested at the offices of plaintiffs' counsel on a date and time specified by the Court. On May 7, 2014, the Court ordered Mr. Cardin Rackley, an officer of defendant, to appear for deposition at the offices of plaintiffs' counsel on May 22, 2014, and to produce the requested documents at the same time. The affidavits submitted in connection with plaintiffs' motion for contempt reflect that Mr. Cardin Rackley failed to appear at the scheduled deposition.

A copy of defendant's Statement of Change of Business Office Address, a form filed with the Missouri Secretary of State on October 17, 2013, shows that defendant's registered agent is Cardin Rackley, whose business address is 11823 Kingsfont Place, Saint Louis, Missouri, 63033.

Plaintiffs now move to have defendant held in contempt of court for failing to appear at the deposition and to produce records as ordered, and seek a monetary compliance fine of $200.00 for each day of defendant's noncompliance. Plaintiffs also seek attorney's fees and expenses incurred in filing the motion for contempt. Finally, plaintiffs seek Mr. Rackley's incarceration in the event defendant continues to disregard the Court's May 7, 2014 Order.

**Discussion**.

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . . " Id.

Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

The Court's contempt power also extends to non-parties who have notice of the Court's order and the responsibility to comply with it. Chicago Truck Drivers, id. at 507 (court's payment orders

in ERISA case were binding upon the named corporate defendant's sole shareholder and corporate officer and agent, even though the order made no specific reference to him). See also Electrical Workers Pension Trust Fund v. Gary's Electric Serv. Co., 340 F.3d 373 (6th Cir. 2003) (owner of corporation, as an officer of the corporation responsible for its affairs, was subject to the court's contempt order just as the corporation itself was even though he was not a named defendant). Indeed, the Supreme Court of the United States, in a case where a corporate officer who failed to comply with a subpoena duces tecum was held in contempt of court, stated:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

Wilson v. United States, 221 U.S. 361, 376 (1911).

This Court has previously imposed compliance fines in similar ERISA delinquency collection cases and has ordered a defendant to reimburse the plaintiffs for attorney's fees incurred in attempting to compel compliance with a Court order. See, e.g., Greater St. Louis Construction Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc., No. 4:96-CV-1582 CDP (E.D. Mo. Apr. 21, 1997) (ordering defendant to reimburse plaintiff for attorney's fees); Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc., No. 4:96-CV-1073 ERW (E.D. Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). In addition, incarceration has been used to compel compliance with Court orders in the context of ERISA delinquency actions. See, e.g., Marvin Steele Enters., id. (ordering that a bench warrant issue for the arrest of the individual defendants).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnor violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. Here, it is undisputed that defendant Rackley did not appear for deposition and to produce records as ordered. At this point, the burden shifts to defendant Rackley to show an inability to comply with the Court's order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, an alleged contemnor defending on the ground of inability to comply must establish that (1) he was unable to comply, explaining why "categorically and in detail;" (2) his inability to comply was not "self-induced;" and (3) he made "in good faith all reasonable efforts to comply." Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Rackley Building Group, LLC and Mr. Cardin Rackley are ordered to show cause in writing why they should not be held in contempt of court for failure to appear for deposition on May 22, 2014, and to produce records as ordered by the Court on May 7, 2014.

**IT IS FURTHER ORDERED** that a hearing is set for Thursday, **October 16, 2014, at 2:00 p.m.** at the Thomas F. Eagleton United States Courthouse, at which defendant Rackley Building Group, LLC and Mr. Cardin Rackley may show cause why civil contempt sanctions should not be imposed against them for failure to comply with the Court's Order of May 7, 2014. Because incarceration is a possible civil contempt sanction, Mr. Cardin Rackley has the right to representation by counsel. Failure to appear for the hearing as ordered may subject Mr. Cardin Rackley to arrest by the United States Marshal's Service.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order by first class mail and by certified mail, return receipt requested, to Mr. Cardin Rackley at 11823 Kingsfont Place, Saint Louis, Missouri, 63033, and to Rackley Building Group, LLC, at the same address.

**IT IS FURTHER ORDERED** that if defendant and Mr. Cardin Rackley fail to appear before this Court as ordered, they may be subject to the imposition of contempt sanctions, including monetary penalties and/or incarceration.

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __24th__ day of September, 2014.